Notice of appeal on District courts indigent ruling
Appeal cause number 04-15-00477-CV
Styled In the matter of the marriage of David and Kathryn Sab

Dear 4th court of appeals,
  Motion appealing 365th district courts over ruling indigent status hearen
7/24/15.

History
ON 4-15-15 the trial court held a hearing on the divorce of David and Kathryn Sab to dissolve the marriage and to make a equitable distbution of the material estate.
The case was disposed of by default as respondent David Sab was not present at trial he was under the impression this was a TRO hearing not a final hearing as the court had conducted 16 previous TRO hearings since the inception of this case on 9-14-2014. He believed it was a TRO hearing. This case is based on a 3 year marriage with no assets held in the character of the material estate. The material estate consisted of by law 255,000 in debit owed on vehicles and homes purchased during the marriage and other debits accured by the parties during the marriage. The assets accrued by the parties being the home was foreclosed on In December of 2014 and the remaining assets have been awarded to the petitioner in there entirety.
David Sab has been divested of all of his personal property held before marriage in order issued on 4-15-15. The corporation owned prior to marriage has been divested of all its property in the order issues 4-15-15. The order issued 4-15-15 list an award to David Sab of assets listed on page 7 valued over 190,000 those assets cannot be proven to exist before trial at trial after trial. Mr Sab has made many request to attorney Duarte as to the location of the assets or the validity of the assets and Mr DUarte send a picture of the asset.
Mr Sab ask Duarte for the location of the assets and is referred to the trial court to file a motion. The trial court has conducted over 17 hearings and 1 trial.

I

The respondent David Sab filled an affidavit of indigence on 6-24-15 on 6-29-15 petitioner attorney Duarte filled motion to object to indigent status of David Sab

II

On 7/16/15 Respondent David Sab sent a motion to the district clerk requesting a subpoena deuces tecum be issued to petitioner Kathryn Sab to appear in court with documents and to give testimony as the assets claimed in (F). Respondent David Sab has been repeatedly attacked by attorney Duarte claiming assets to sell with no evidence to support the attacks. The subpoena was served on attorney Duarte on Monday 7-20-15. ON 7-23-15 Attorney Duarte filled motion for protective order against the subpoena claiming Petitioner Kathryn Sab resided outside of the 150 mile range.

1

## III

The court conducted a hearing on the motion for protective order based on the testimony of Duarte as to the residence of Petitioner. Respondent David Sab objected to the testimony as his knowledge of her residence was listed with the Texas motor vehicle department as PIPE creek Texas well within the 150mile range. Respondent Sab furnished the court with a report from TEXDOT (certified) by the agency listing Pipe Creek Texas as the address. Mr. Duarte objected claiming first and address in Harper Texas then possibly a address in Ingram Texas being the petitioners parents home.

The court asked attorney Duarte to goggle the addresses to confirm his objection. After some 30 minutes passed he responded to the court that the Harper Address on river road is 156.2 miles and the Ingram address is 152 miles. The court granted the protective order. This was a false statement to the tribunal as both towns are separated by some 18 miles, Mr. Duarte provided no evidence to the court listing his clients residence. Mr Duarte's witness Francis Morgan testified the residence being Ingram or Harper as they have send invoices to Kathryn Sab, yet when cross examined by David Sab she could provide no copies of the invoices. When asked if Mr. Duarte or Miss MOrgan had a utility bill, insurance card, phone bill, any kind of document identifying Kathryn's Sab proving residence, the court transcript will reflect the answer as no.

## IIII

Mr. Sab then asked the court for a continuance on the hearing as his entire burden of proof was based on the witness documents that had been subpoenaed, the court overruled the request stating the court was on a tight schedule and did not have the time to set another hearing. This action caused great harm to David Sab as his defense was based on the documents requested.

## V

The hearing was conducted and evidence was presented to the court by attorney Duarte that David Sab has assets to sell, he could work and he had promised to pay attorney Duarte 4500 if an motion for rehearing had been granted.Mr Sab only agreed to pay the 4500 because he believed the assets listed in the court order were real and the court would compel Mr. Duarte to turn over the assets listed in the trial courts order. Mr. Sab Objected to the claims of being in possession of any off the assets listed in the final decree 4-15-15, Mr. Sab stated to the court that the only assets he was aware of a 1956 jeep with a blown motor and 1 weapon both items valued at less than 600.00 if they could be sold as the jeep has no title and is valued a scrap. The court assured David Sab that this was not the case as the decree list two separate jeeps valued at 2500 and 3500. and that attorney Duarte would deliver the jeep and the weapons on Monday therefore providing David Sab with assets to sell and pay for his appeal cost. On 7-25-15 Mr. Sab contacted attorney Duarte to obtain the vin number of the jeep to secure insurance for the jeep and the serial numbers of the weapons Mr.

2

Duarte responded with a picture of the 1956 jeep with no title and no serial numbers of any weapons or any form of character proving the weapons are David Sab's to sell or the vin number of the jeep. Mr Sab refused delivery of the jeep and weapon with a value of less than 600. Mr Sab feels should he take possession of the assets, the trial court will believe he has possession of assets valued as listed in the decree not the real value of 600.00. The trial court and Mr. Duarte believes David Sab has in possession assets valued at 239,000 as it list in the division of the material estate as the final decree indicates as its signed by both officials of the court. The decree is a foundation of the net worth, the ability to work, the ability to pay for the appeal cost. The testimony and the exhibits presented to the trial court by Mr. Duarte and his client established the foundation of the courts ruling.

This testimony and evidence has proven to be in question of being real or possibly being perjured, the record contains a picture of an asset with no viable way to trace the asset by a picture.

The record contains no information to establish the character of the asset. David Sab was not aware he owned the assets awarded to him until he read the final decree issued by the court on 4-15-15. Mr. Duarte's refusal for the last four months, to provide information of all assets he has verified as being real by his signature on the final decree, without a court ordered motion, raises many suspicions for his reason to be so resistant to very simple procedures that should not require a courts ruling on matters that have already been ruled on by the trial court.

The response from Mr. Duarte gives, the impression the assets could be false and really do not exist and possibly the entire decree is fraud and should be voided.

Mr. Duarte's refusal to confer on any motions saying I can file the motion without conferring, should I have the money, raises further suspicion.

Mr Duarte responded to motions to confer with insulting and inflammatory responses that serve no purpose and raises questions as to what is so difficult or the lack of information he states he confused about. The email is attached to this document on pages 6, 7 & 8

## VI

This has been a historic issue with this case, Attorney Duarte claims respondent David Sab has assets in his possession and control to sell and provides the court no evidence of the assets and the court believes him and we go round and round I send Duarte questions asking for titles, cancelled checks some kind of proof he refuses and refers me back to the trial court to file motions. Then he tells the trial court respondent has assets to sell they are listed in the record.

3

## VII

Complaint: Attorney Duarte listed to the court assets valued at over 200,000 in the final decree of divorce, it had been learned by respondent David Sab that his evidence was a picture of a vehicle and pictures of equipment and the testimony of his client to prove up the assets existed. Respondent Sab has made several requests to attorney Duarte and Petitioner Kathryn Sab as to the location of the 200,000 in assets and as of this date other than pictures has received nothing. Mr. Sab appears on paper ( the judgment award in the decree) to have well over 200,000 in assets including truck, equipment etc to not be indigent, but he has no idea where the assets are , how he acquired them, who financed them, where he purchased them ,who has possession of them. Mr. Sab has a court order signed by a district judge referred to as a decree of divorce division of the estate listing assets that have no vin number, no serial numbers , no corporate fillings with secretary of the state.

There are no sales invoices, no sales receipts, nothing identifying ownership other than a picture of truck. The picture has no identifying license plates, no company logo. No titles, no records with TEXDOT, no insurance cards, no past insurance polices with vin numbers listing truck or equipment, licenses receipts, There is no cancelled checks, no cash debits for the purchases of any of the listed assets, no record of bank payments, no wire transfers to any company that sells the items listed. Its just a picture of a truck or equipment ...

The Attorney Duarte was in possession for 6 months prior to trial of all personal and corporate checking accounts held by the corporation and the respondent since 2012. He had access and all copies provided to him from a receiver he insisted to employe, to all corporate and personal checking accounts and has produced nothing from those records other than a picture.  As of this date he has had access to every contract the corporation had, he had a receiver investigate the corporation and nothing has been discovered other than debits.

### Prayer

This court of appeals will consider this motion and remand this case of indigence back to the trial court for a hearing to establish the indigence based on facts of law described in the Texas Family code Ann with respect to property.

For the court of appeals to conduct a review of the evidence presented the trial court ( the pictures) to decide the if the evidence in the record supports the facts presented to the trial court to establish his indigence.

# Exhibit 1

# Mr. Duarte's email on the simple ADR and docketing statement David Sab ask why instead of using the

# word reason and this was the response. I had sent him rule 9.5(2)

Sent from my iPhone

On Aug 12, 2015, at 3:41 PM, Demetrio Duarte Jr. <dduarte@duartelawfirm.com> wrote:

Mr. Sab:

You advised me the 4th Court of Appeals docketing statement form asks "why" ADR cannot be had. I answered that question even though I did not pull out the form to confirm you were telling the truth about what the form requires. Of course, the form does not ask "why?" You were dishonest again. The form states "If no, please specify:
   Has the case been through an ADR procedure?
   If yes, who was the mediator?
   What type of ADR procedure?
   At what stage did the case go through ADR? . . ..
Several other questions are in section XII, but "why" is not one of the questions.

I was not in any way discussing "my concerns with you on what I consider violations of laws and ethical violations, to avoid the involvement of other agencies or courts." As you continue to disavow statements you made to me in writing, rationalize your lies to me because I supposedly did something wrong in the past and repeatedly apply my answers to questions that are not asked, there is no point in any further communication for any reason. As you are treating a simple answer to a simple form question as a convoluted answer to "other agencies or courts," you are misquoting statements made on behalf of my client in a good faith effort to confer. You are not conferring, you are unsuccessfully trying to manipulate statements that are clearly made for other purposes in other contexts. This will be my last e-mail or text to you unless otherwise ordered by a court. All further communications will be responses per the court rules. Those rules say I must send you materials via fax or mail. I have no fax number for you and I only have your P.O. Box in Stephenville. If you want me to mail the responses to any other address, please send me that address. If you find a rule that says I must communicate with you by e-mails or provide notice by e-mail, please let me know. I know of no such rule. Moreover, the docketing statement requires you to provide your mailing address, telephone number, and fax number (if any) since you are pro se. See TRAP 32.1(a)(2).

5

Goodbye.

Demetrio Duarte, Jr.
Attorney at Law
2200 Warner
San Antonio, Texas 78201
Telephone: 210-737-6676
Fax: 210-733-6181

# Exhibit 2 Response to motion to confer
Mr. Sab:I just finished reading all of your e-mails. I am very
confused by what you write in your letters/motions. On some

things, you put the cart before the horse. On other things you confuse terms. You suggest you are requesting relief, but then you talk about matters that are not probative of the issues. I won't even go into the facts that I disagree with.

If I put all of those things together, I see no requests of me as Kathryn Hawkins' attorney. So there is no conferring about any issue. If you pay your fee, you can file each of your motions without conferring with me.

I do object to your letters as they are not based on the clerk's record or reporter's record. The statements made by you are not contained in the record, are not preserved for appeal and they will not be considered on appeal. Despite your commentary that all of this may be too confusing for Judge Abascal, I am sure all of the judges understand the rules. Judge Abascal has ruled when appropriate and if you don't have a ruling from him, it is likely because the rules (which you have not considered) do not permit the ruling you are requesting. In simple terms, you may be 100% right when you say "page 10 of the television installation manual says connect the coaxial cable to the receiver." The problem is that particular manual has nothing to do with installing a transmission in the pickup truck you are driving. You can't confuse the constitution, rules of procedure, rules of evidence, appellate rules and facts and then put them in the wrong format and expect any of the judges to rule in your favor. You keep saying you will inundate me with pleadings and that is okay. But have you noticed I am not responding? You haven't done anything yet that requires me to respond. And if I am not responding to something that is not properly filed, it is not likely the courts are going to give you any relief. Nobody needs to box with shadows. I continue to urge you to have an attorney handle this for you if you really expect any relief on appeal. But if you just want to harass me, keep drafting documents that will not be considered by anyone.

I am going home now.  I put in a full day and hope you enjoy
your evening.

Demetrio Duarte, Jr.
Attorney at Law
2200 Warner
San Antonio, Texas 78201
Telephone:  210-737-6676
Fax:  210-733-6181

*David Sh*
*Poole*

I certify I have sent a copy via-email
to Demetrio Durate

8

# Office **DEPOT.** Office**Max**®
## complimentary fax cover sheet

number of pages including cover sheet: _____

attention to: _Luz Estrada_          date: _8-19-15_

company: _____          from: _____

phone #: _____          company: _____

fax #: _210-335-2762_          senders phone #: _____

comments: _Here is the motion to Contest trial Courts Ruling, we spoke about on the phone today please call or email Any questions 830-460-1801 or davidsab1801 @ icloud.com_

By sending this fax at Office Depot, inc., the sender agrees not to use this fax to: (i) transmit material whose transmission is unlawful, harassing, libelous, abusive, threatening, harmful, vulgar, obscene, pornographic or otherwise objectionable; (ii) create a false identity, or otherwise attempt to mislead others as to the identity of the sender or the origin of this fax; (iii) post or transmit any material that may infringe the copyright, trade secret, or other rights of any third party; (iv) violate any federal, state or local law in the location, or (v) conduct activities related to gambling, sweepstakes, raffles, lotteries, contests, ponzi schemes or the like.

Please note that Office Depot, Inc., does not review the contents of any fax sent using its services. The sender of this fax hereby agrees to indemnify Office Depot inc., to the fullest extent of the law and for any and all claims, suits, or damages arising out or in connection with the request to send, or sending this fax.

| local first page | long distance first page | international first page |
|:---:|:---:|:---:|
|  |  |  |
| 833071 | 833081 | 833191 |

| local additional page | long distance additional page | international additional page |
|:---:|:---:|:---:|
|  |  |  |
| 456687 | 833091 | 833201 |

depot|max store6684
202 W I-20
Weatherford, TX 76086
p: 817.599.8003 f: 817.599-8233
ods06684cpc@officedepot.com

# Office **DEPOT.**

rev 9/5/14